IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO NAVEJAR, )<br>　　　　　　　　Plaintiff, )<br>　v. )<br>　 )　　09 C 4108<br>　 )<br>LT. AKINOLA IYIOLA, et al., )　　Judge Virginia M. Kendall<br>　　　　　　　　Defendants. )<br>　 ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Eduardo Navejar, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Lieutenant Akinola Iyiola, Sargent Michael Grant, and Lieutenant Glen Elbertson (collectively "Defendants"), all of whom were correctional officers at the Stateville Correctional Center at the time of the events that give rise to this suit. Navejar claims that the Defendants violated his constitutional rights by issuing him a false disciplinary report, by subjecting him to the use of excessive force, by being deliberately indifferent to his serious medical condition, and by retaliating against him for hitting Lieutenant Iyiola. (Doc. 1). On May 26, 2010, this Court dismissed Navejar's due process claim. (Doc. 54). Thus, Navejar's claim that the Defendants violated his constitutional rights by issuing a false disciplinary report is no longer part of this case. Defendants now move for summary judgment against Navejar on his remaining claims. For the reasons set forth below, Defendants' motion is granted.

**I. Material Undisputed Facts**

As a threshold matter, Navejar has not complied with Local Rule 56.1(b), which governs the

manner for responding to the moving party's statement of facts in support of summary judgment. Although the filings of *pro se* litigants are subject to more liberal review and interpretation, a *pro se* plaintiff must still comply with local rules. *See Dale v. Poston* 548 F.3d 563, 568 (7th Cir. 2008) ("Judges, of course, must construe *pro se* pleadings liberally. But procedural rules cannot be ignored.) (internal citations omitted); *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). Indeed, the local rules make special provision for notice to *pro se* litigants opposing summary judgment by requiring the moving party to issue a letter with their motion describing the proper manner for responding in opposition to the motion. *See* L.R. 56.2. Defendants sent a Rule 56.2 letter to Navejar with their motion. When a *pro se* litigant is provided with a Rule 56.2 letter, then he is presumed to be on notice of his obligations under Rule 56.1, and failure to comply with that Rule results in the admission of the moving party's facts. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

In his Rule 56.1 response, Navejar does not explicitly admit or deny the Defendant's facts, nor does he make "a concise response to the movant's statement that...contain[s] numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed." L.R. 56.1(b)(3)(A). This failure might not be fatal to him, because he does enumerate and list each of the Defendants' paragraphs and provides some response to each, but other failures of Navejar to comply with 56.1 are more problematic. First is that he fails to support his responses with adequate evidence in the record. He runs afoul of the Rule because he does not offer "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting material relied upon." L.R. 56.1(b)(3)(B). In his responses, Navejar supports his statements only with his

2

own Complaint, to which his grievance letters are attached, and his own affidavit. Such self-serving evidence is insufficient to constitute the requisite supporting materials needed to create a factual dispute. *See Chichon v. Exelon Generation Co., LLC,* 401 F.3d 803, 808 (7th Cir. 2005) (district court properly struck party's 56.1 response and additional facts because the facts were not supported by record evidence); *Rogers v. City of Chicago,* 320 F.3d 748, 751 (7th Cir. 2003) (district court properly struck party's 56.1 submission because it was largely based on the party's self-serving affidavit); *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) ("We repeatedly have held that self-serving affidavits without factual support in the record will not defeat a motion for summary judgment."). Thus, Navejar's response is insufficient because it lacks the necessary evidentiary support.

As a second problem, Navejar adds his own factual assertions in addressing each of the Defendants' facts. This is improper, as Local Rule 56.1(b)(3)(C) mandates that "any additional facts that require the denial of summary judgment" must be included in a separate "statement, consisting of short numbered paragraphs..." When the non-moving party fails to include his additional facts in a separate statement it is proper for the Court to strike them. *See Chichon, LLC,* 401 F.3d at 808 (additional facts properly struck for failing to comply with 56.1's requirement that they be filed separately); *Ammons v. Aramark Unif. Servs.*, 368 F.3d 809, 817 (7th Cir. 2004) ("Rule 56.1 envisions a separate statement of additional facts. In this case, several responses...admit to the allegation but then add other additional facts. These facts should have been included in a separate statement."). The Court therefore deems the Defendants' facts admitted and strikes all of the Plaintiff's facts and responses. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (district court has discretion to treat one party's proposed facts as undisputed when the other party fails to

3

comply with Rule 56.1).

Navejar is a State prisoner, incarcerated by the Illinois Department of Corrections at Menard Correctional Center. (Def. 56.1 Facts ¶ 1). At the time of the incidents alleged, he was incarcerated at Stateville Correctional Center and the Defendants were officers at Stateville. (*Id.* ¶¶ 2-4). On December 17, 2008, Navejar, along with other prisoners from his tier of cells, was being transported to an evening meal. (*Id.* ¶ 7). While he was going down the stairs, an inmate from a different gallery called out to Navejar that he would meet Navejar in the law library. (*Id.* ¶ 8). Upon descending to another gallery, Navejar again stopped to speak with another prisoner. (*Id.* ¶ 9). This activity was in violation of Illinois Department of Corrections rules, which prohibit inmates from stopping to speak with one another while being transported. (*Id.* ¶ 10). Navejar knew this was a violation of the rules, and at the time he was in possession of a copy of the Illinois Department of Corrections handbook. (*Id.* ¶ 24).

Once the group reached the floor of the cell house, Lt. Iyiola ordered Navejar to get out of line for violating the rule. (*Id.* ¶ 11). Lt. Iyiola then instructed Navejar to step into the unit bullpen until he could be escorted back to his cell and informed him that he would not be having an evening meal. (*Id.* ¶ 12). Navejar began to argue with Lt. Iyiola, and told him that he was going to get "a tray." (*Id.* ¶ 13). Navejar then hit Lt. Iyiola in the face with a closed fist. (*Id.* ¶ 14). This caused a struggle to ensue between Navejar and Lt. Iyiola. (*Id.* ¶ 16). Sgt. Grant arrived on the scene and ordered Navejar to stop fighting with Lt. Iyiola. (*Id.* ¶ 17). Navejar filed to comply with Sgt. Grant's order. (*Id.*). In an effort to stop the assault that was happening to Lt. Iyiola, Sgt. Grant sprayed Navejar with pepper spray. (*Id.* ¶ 18). The altercation had escalated to a dangerous disturbance, so a correctional officer on the catwalk above fired a warning shot from his shotgun. (*Id.* ¶ 19).

4

After the incident, correctional officers transported Navejar to segregation where he was examined by a medical technician. (*Id.* ¶ 21). During the fight with Lt. Iyiola, Navejar sustained a scratch to his face and a bruise on his forehead and eyebrow. (*Id.* ¶ 22). Lt. Iyiola sustained several injuries to his face. (*Id.* ¶ 23). The next morning Navejar was taken to the health care unit where he was examine by nurses. (*Id.* ¶ 30). After his medical evaluation, Lt. Elberson told Navejar that he was being transported to Pontiac Correctional Facility and escorted him back to his cell. (*Id.* ¶ 31).

Under the Illinois Administrative Code it is permissible to use force to compel compliance with a lawful order given by an employee to ensure the safety of the facility. (*Id.* ¶ 25). Furthermore, chemical agents may be justified if the use of force is otherwise justified. (*Id.* ¶ 26). Eva Aguero, an investigator at Stateville, conducted an investigation of the incident. (*Id.* ¶ 27). Seventy inmates who witnessed the investigation were interviewed, as were a number of correctional officers. (*Id.* ¶ 27). The conclusion of the investigator was that there had been no wrongdoing on the part of the Defendants. (*Id.* ¶ 29). The investigation further revealed that appropriate force had been exercised under the circumstances. (*Id.*).

A disciplinary hearing was held for Navejar, and he was found guilty of assaulting Lt. Iyiola, of causing a dangerous disturbance, of insolence, and of disobeying a direct order. (*Id.* ¶ 32). As a result, Navejar received one year in segregation, a nine-month reduction of good-time credit and a reduction in grade and a restriction on visits. (*Id.* ¶ 33). Navejar's disciplinary ruling stands, and it has not been overturned or expunged. (*Id.* ¶ 34).

## II. Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, on summary judgment the Court will limits its analysis of the facts to that evidence that is supported by the parties' Local Rule 56.1 statements properly before the Court. *Bordelon v. Chicago Sch. Reform Bd. of Tr.*, 233 F.3d 524, 529 (7th Cir. 2000).

## III. Discussion

### A. Excessive Force

Navejar claims that the Defendants used excessive force against him thereby violating his Eighth Amendment right to be free from cruel and unusual punishment. Because the undisputed material facts show that the Defendants used reasonable force under the circumstances, summary judgment must be granted on the excessive force claim. Furthermore, summary judgment is appropriate here because any claim for damages under 42 U.S.C. § 1983 is barred because they would imply that Navejar's conviction by the disciplinary board was invalid. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The Eighth Amendment bars the "unnecessary and wanton infliction of pain" on a prisoner. *Forrest v. Prine*, 620 F.3d 739, 744 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). However, force used in "a good-faith effort to maintain or restore discipline" is not unnecessary and wanton. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Only force that is intended to cause harm "maliciously and sadistically" rises to that level. *See Forrest*, 620 F.3d at 744. Factors relevant to determining whether the use of force was a reasonable measure to restore order or a malicious and

6

sadistic means of inflicting pain are: the need for the application of force; the proportionality between the need for force and the amount applied; the extent of the injury caused by the force; the officer's reasonable perception of the threat to staff or other inmates; and any effort made to dampen the force of the response. *See Kinney v. Indiana Youth Center*, 950 F.2d 462, 465 (7th Cir. 1991). Where an order or a warning is given and disobeyed, it is further evidence that the officer did not act to inflict pain maliciously or sadistically. *See Id.* (summary judgment appropriate in favor of defendant officer on excessive force claim because the officer gave the plaintiff a verbal warning to stop or be shot).

Here, the use of force by Sgt. Grant was reasonable and necessary to protect Lt. Iyiola from Navejar, who had become out of control, and also to preserve order among the general prison population. Sgt. Grant ordered Navejar to cease his assault on Lt. Iyiola, but Navejar disregarded this order. To subdue Navejar, Grant used pepper spray. The use of force, and particularly the use of chemical agents, is explicitly authorized by the Illinois Department of Corrections and the Illinois Administrative Code to compel compliance with lawful orders and to protect oneself from physical assault. Here, Navejar disobeyed a lawful order and was engaged in assaulting a corrections officer. Furthermore, under the Constitution, the use of such chemicals "when reasonably necessary to...subdue recalcitrant prisoners does not constitute cruel and unusual punishment." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984); *see also Burton v. Ruzicki*, 258 Fed. Appx. 822, 885 (7th Cir. 2007) (no cruel and unusual treatment found where insubordinate prisoner posed an assault risk, officer called for backup, tried verbal persuasion, and eventually resorted to pepper spray); *Kervin v. Barnes*, 144 Fed. Appx. 551, 552 (7th Cir. 2005) ("[P]rison guards may use chemical sprays when reasonably necessary to subdue recalcitrant prisoners, for orders must be obeyed, and there are only

so many choices available to correctional officers when inmates refuse."). Navejar fails to present a supported fact to show any reason to believe that the Defendants used force against him maliciously or wantonly to inflict pain. The undisputed facts support that the Defendants exercised reasonable force to subdue a disobedient prisoner who was assaulting an officer and causing a serious disruption in the prison.

Summary judgment on the excessive force claim must be granted for an alternative reason. An inmate cannot recover on a claim under 42 U.S.C § 1983 if successful resolution of the claim would "necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Navejar was brought up on disciplinary charges stemming from the incident at issue. The disciplinary proceedings resulted in an adverse ruling against Navejar. The disciplinary board found Navejar guilty of assaulting Lt. Iyiola, of causing a dangerous disturbance, of insolence, and of disobeying a direct order. The decision of a prison disciplinary board serves as a conviction for the purposes of *Heck*. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008). Navejar's claim that Lt. Iyiola and Sgt. Grant used excessive force against him is contrary to the findings of the disciplinary board. The board found that Navejar assaulted Lt. Iyiola, and that the use of force against him by both Lt. Iyiola and Sgt. Grant was reasonable and justified. Were Navejar to prevail on his excessive force claim it would "necessarily imply" that the conviction by the disciplinary board was incorrect–and this result is barred under *Heck*. *See Moore v. Mahone*, 652 F.3d 722, 725 (7th Cir. 2011) (holding that a plaintiff's complaint that correctional officers attacked him was contradicted by the findings of the disciplinary board and thus "given *Heck*, implausible."). Summary judgment must therefore be granted in Defendant's favor on Navejar's claim for excessive force because a finding of excessive force would imply an inconsistency with Navejar's conviction

by the disciplinary board.

### B. Deliberate Indifference to Medical Care

Navejar brings a claim against Lt. Elberson for violating his Eighth Amendment right to adequate medical care. Navejar's only assertion against Lt. Elberson is that on the day after the incident, while Navejar was being examined by nurses, Lt. Elberson informed Navejar that he was being transferred to a different facility, and escorted him back to his cell. To state a valid claim under the Eighth Amendment for failure to provide medical treatment, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). There are two requirements that a plaintiff must meet to state a claim for deliberate indifference. First, the plaintiff must suffer from an objectively serious medical condition. Second, the defendant must have a state of mind that is deliberately indifferent to the condition. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1984). Deliberate indifference exists only when the defendant "knows of and disregards an excessive risk to an inmate's health: the official must both be aware of the facts once the inference could be drawn, that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Mere negligence and gross negligence do not constitute deliberate indifference. Deliberate indifference requires a culpable state of mind that is similar to criminal recklessness. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010); *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006).

The undisputed facts show that there is no basis for a finding of liability against Lt. Elberson for failure to provide adequate medical care. Navejar failed to present any information from which a reasonable fact finder might conclude that he had a serious medical condition requiring urgent

care–facial bruising does not qualify. Furthermore, Navejar received medical attention directly after the incident. Navejar only alleges that he suffered scratches and bruises as a result of the incident, in addition to being pepper sprayed. These are not serious medical conditions. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) ("A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."). Navejar fails to establish that he had such a serious medical condition that he warranted a doctor's immediate attention and he therefore fails to meet his burden to show the existence of an objectively serious medical condition.

Not only does he fail to establish a serious medical condition, Navejar also fails to establish deliberate indifference by Lt. Elberson. The deliberate indifference standard sets a high threshold for liability. The standard requires a showing that the defendant acted either with intent, or was so reckless that a level of intent may be inferred. *See Brown v. Figel*, 950 F.2d 1285, 1290 (7th Cir. 1991). Deliberate indifference "approaches intentional wrongdoing." *Johnson v, Snyder*, 444 F.3d 579, 585 (7th Cir. 2006). This subjective standard places the burden on the plaintiff to show that the defendant knew that the plaintiff faced a serious risk of harm and nevertheless disregarded the risk associated with it. *Greeno*, 414 F.3d at 653. Navejar does not make any showing whatsoever to demonstrate that Lt. Elberson was subjectively aware of any medical need which he disregarded. Navejar was medically attended to right after the incident, as well as the day after. There is nothing in the record to suggest that Lt. Elberson suspected that Navejar faced a serious medical risk. Because, as this Court has already held, Navejar has not introduced any evidence to suggest that he suffered from a serious medical condition or risk, there is no way that Lt. Elberson could have subjectively disregarded that condition or risk. Summary judgment is appropriate in Defendants'

favor on Navejar's claim for deliberate indifference to his medical needs.

## IV. Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment is granted.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: January 6, 2012

11